Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Madison Alley Transportation & Logistics, Inc., a New York Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Western Truck Insurance Services, Inc., a California corporation, Robert Dion and Jane Doe Dion, husband and wife, John Does and Jane Does I-X, ABC Partnerships I-X, ABC Limited Liability Companies I-X, and XYZ Corporations I-X,<br><br>Defendants. | Case No.: 2:17-cv-03038-SMB<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF FACTS**<br><br>(Assigned to the Hon. Susan M. Brnovich) |

Plaintiff Madison Alley Transportation and Logistics, Inc. ("MATL"), by and through undersigned counsel, submits its Separate Statement of Facts ("PSOF").

**PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

**I.   MATL'S BACKGROUND**

1.  Madison Alley Transportation & Logistics, Inc. ("MATL") was incorporated in 2013. Owen Dep. attached hereto as Ex. 1 at 15:15.

2.  MATL's business involves storing and delivering goods used in displays by large, retail merchants, such as department stores. Defs' Ex. R at BP-000004.

3.  Mindi Peters has an ownership interest in MATL. Ex. 1 at 26:13-23; Dion Dep. attached hereto as Ex. 2 at 118:25-07.

4.     Jeff Owen runs the day-to-day operations of MATL. Ex 1. at 27:1-3.

## II.    MATL SIGNS A COMMERCIAL LEASE

5.     In June 2015, MATL moved its warehouse operations from New York to Phoenix, Arizona. Ex. 1 at 17:24-18:6; 60:17-20.

6.     On June 10, 2015, MATL executed a commercial lease (the "Lease") with Phoenix Investors #26 Union Hills, LLC ("Landlord") for an 8,329 square feet building with multiple offices and a warehouse located at 2400 W. Union Hills, Suite 100, Phoenix, Arizona (the "Property"). *See* Executed Lease between MATL and Landlord attached hereto as Ex. 3.

7.     The base rent for the Property was $5,247.27 per month pursuant to the Lease. *Id.* at MATL-001655.

8.     The Lease required MATL to obtain and retain liability insurance; property insurance-building, improvements, and rental value; and lessee's property insurance for the duration of the Lease. *Id.* at MATL-001664-65, § 8; Defs' Exs. C, N.

9.     One of the required insurances under the lease was Rental Value—"Lessor shall also obtain and keep in force during the term of this Lease a policy or policies in the name of Lessor, with loss payable to Lessor and any Lender(s), ***insuring the loss of the full rental*** and other charges payable by all lessees of the Building to Lessor for one year (including all Real Property Taxes, insurance costs, all Common Area Operating Expenses and any scheduled rental increases)" Defs' Ex. N at MATL-007491, § 8.3(b); Defs' Ex. S at GG-000007.

10.    The Lease required at least $62,967.24 full rental coverage. Ex. 3 at MATL-016555, § 1.5. Defs' Ex. S at GG-000007.

11.    Section 8.2(a) of the Lease provides, in part:

> Said policy or policies ***shall also contain an agreed valuation provision in lieu of any co-insurance clause***, waiver of subrogation, and inflation guard protection causing an increase in the annual property insurance coverage amount by a factor of not less than the adjusted U.S. Department of Labor Consumer Price Index for All Urban Consumers for the city nearest to where the Premises are located.

2

*Id.* § 8.2(a) (emphasis added).

12. Section 8.8 of the Lease provides, in part,

> Notwithstanding of this Lease, **Lessor shall under no circumstances be liable for injury to Lessee's business or for any loss of income** or profit therefrom.

*Id.* § 8.8 (emphasis added).

13. Section 47 of the Lease stated that, "This Lease may be modified only in writing, signed by the parties in interest at the time of the modification." Ex. 3 at MATL-001682.

14. In order to modify the insurance requirements under the Lease, both MATL and the Landlord had to agree to the modification in writing. *Id.*

15. At no time did MATL and the Landlord agree in writing, or otherwise, to modify the insurance requirements under the Lease. Declaration of Jeff Owen attached hereto as Ex. 4 at ¶ 6.

### III. THE PROCUREMENT OF INSURANCE UNDER THE LEASE

16. To assist MATL with procuring insurance required under the Lease, MATL engaged Western Truck Insurance Services, Inc. ("Western Truck"). Defs' Ex. D at 79:24-80:8.

17. Western Truck is an insurance broker and acted as such with respect to MATL's request to obtain the appropriate insurance required under the Lease. *See* June 9, 2015 Letter from Western Truck to MATL attached hereto as Ex. 5.

18. Robert Dion, a Western Truck employee, was the insurance agent and the producer who worked with MATL to obtain the insurance required by the Lease. Ex. 2 at 76:25-10.

19. Mr. Dion was not licensed to sell insurance in Arizona. Ex. 2 at 15:10-13.

20. On June 9, 2015, prior to executing the Lease, Mr. Owen sent Mr. Dion a copy of the Lease, which specified the appropriate insurance MATL was required to obtain. June 9, 2015 emailed attached hereto as Ex. 6.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

21. After receiving the Lease, from Mr. Owen, Mr. Dion began the process of procuring the required insurance under the Lease. Ex. 6; Ex. 2 at 24:03-24.

22. In June 2015, Mr. Dion called Mr. Owen and told him that he was trying to figure a calculation for the business income insurance. Ex. 1 at 45:12-18. Mr. Owen asked him how BI was calculated, and Mr. Dion stated it was "by the week." Ex. 1 at 45:12-18. Mr. Owen then told Mr. Dion that MATL generates, at minimum, $20,000 revenue per week. Ex. 4 at ¶ 5; Ex. 1 at 36:10-23, 48:2-7, 125:17-26:1.

23. On June 9, 2015, Mr. Dion sent a quote for general liability insurance to MATL, which, in part, stated, "Our pledge is to afford you with the highest degree of service in honoring your needs and requirements in your industry. ***We promise to provide you with the best coverage and lowest premiums available to us***." Ex. 5 at WESTERN TRUCK000138.

24. The June 9, 2015 letter incorrectly stated MATL's address was 2450 West Union Hills Dr., Phoenix, AZ 85027. *Id.*

25. The June 9, 2015 letter also stated, "[Western Truck] is transacting this insurance on behalf of you, the insured. "[Western Truck] will provide Insurance marketing services, administration of policies, support services to you regarding this insurance, and other ***risk management consultation***[.]" *Id.* at WESTERN TRUCK000140 (emphasis added).

26. Mr. Dion stated that "Risk management is helping them to keep their risks down, keep their claims down, keep -- just keep the -- you know, manage your business properly so you cut down on claims is basically why they would do it." Ex. 2 at 125:04-07.

27. On June 10, 2015, Western Truck sent a "Commercial Insurance Application" dated June 10, 2015 for commercial general liability for MATL to CK Specialty Insurance Associates, Inc. ("CK Specialty"), an insurance underwriter. June 10, 2015 from Western Truck to CK Specialty attached hereto as Ex. 7.

4

28. The "Commercial Insurance Application" dated June 10, 2015, incorrectly stated that MATL's address was 2450 W Union Hills Dr. Phoenix, AZ 85027. *Id*. at CK-003263.

29. On June 10, 2015, Donna Abowitt, an assistant property manager for the Property, sent Mr. Owen an email with the subject: "Tenant Insurance Requirements." June 10, 2015 Email attached hereto as Ex. 8. Attached to the email was the document titled "Tenant Insurance Requirements." *Id.*

30. Mr. Owen forwarded the email and the attachment to Mr. Dion that same day. *Id*.

31. The "Tenant Insurance Requirements" document referenced specific sections in the Lease pertaining to the insurance MATL was required to obtain under the Lease. *Id.* at MATL-006003.

32. On June 10, 2015, Mr. Owen received an email from Pam Collins with the subject "Loss of Rents." The email stated, "Hi Jeff, Leave it off for now. We will get you a sample worksheet tomorrow and you can send it to your agent to update the certificate. June 10, 2015 Email from Collins attached hereto as Ex. 9.

33. That same day, Mr. Owen forwarded the "Loss of Rents" email to Mr. Dion. *Id.*

34. On June 12, 2015, Western Truck sent an email to MATL that included an attached Certificate of Liability Insurance for MATL's general liability insurance. June 12, 2015 Email attached hereto as Ex. 10. The Landlord was not copied on the email. *Id.*

35. The address printed on the Certificate of Liability Insurance was the Landlord's address. *Id.*

36. On June 26, 2015, MATL employee, Tricia Males, sent an email to Mr. Dion stating, "Hello Robert, Attached please find the additional requirements for Insurance per the leasing company. Please email a quote listing total cost for the insurance as they require." Defs' Ex N.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

37. The Tenant Insurance Requirements document; Section 8 of the lease (pages 15-17); and a Business Income Worksheet were attached to the email. *Id.*

38. Tenant Insurance Requirements document is the same document that Mr. Owen sent to Mr. Dion on June 10, 2015. Ex. 8 at MATL-006002; Ex. N at MATL-007490 (emphasis added).

39. That same day, Mr. Dion forwarded the email he received from Ms. Males to Yana Conners of CK Specialty. Email Chain attached hereto as Ex. 11.

40. The email stated:

> Hi Yana,
>
> Can you look over these requirements and give us an idea how much it will cost the insured. **They're asking to get a quote first, not that it's probably going to matter if it's what the landlord requires**. I think we went over some of this when we first wrote the policy. We have already named them as an additional insured. Thank You, Robert Dion

*Id.* (emphasis added).

41. On July 2, 2015, as part of MATL's application for insurance, Western Truck filled out a "Property Section" form, which stated $50,000 for Business Personal Property ("BPP") and $20,000 for Business Income ("BI"). July 2, 2015 Email attached hereto as Ex. 12 at CK-003257-61; *see also* Ex. 2 at 89:04-09. Mr. Dion was listed as the Producer. *See also* Ex. 2 at 106:03-17.

42. The "Property Section" form had a section for the applicant's signature; however, no representative of MATL signed the document. Ex. 12 at CK-003258; Ex. 2 at 106:03-07:07.

43. Western Truck emailed the "Property Section" form it had filled out regarding MATL to CK Specialty without copying MATL in the email. *Id.* at CK-003253.

44. On July 2, 2015, Arti Chand, a Western Truck employee, sent an email to Phyllis Holt of CK Specialty, requesting a quote for "$50,000 BPP and $20,000 Business Income" for MATL without copying MATL in the email. *Id.* at CK-003252.

45. The "Commercial Insurance Application" and a "Property Section" forms dated July 2, 2015 were attached to the email chain. Ex. 12; PSOF ¶¶ 43-44.

46. Mr. Dion testified that he alone determined the $20,000 amount of BI and he told Ms. Chand to request $20,000 in BI for MATL from CK Specialty. Ex. 2 at 22:9-10, 84:1-2; 89:13-25, 93:7-9, 169:9-17; PSOF ¶ 44.

47. Mr. Dion testified that he determined the $20,000 amount of BI by comparing it to other customers he had rather than basing it on the requirements of the Lease and specific information regarding MATL's business income. Ex. 2 at 93:07-09.

48. No representative of MATL, including Mr. Owen, told Mr. Dion that MATL wanted $20,000 for BI. Ex. 2 at 22:9-10.

49. Without MATL's knowledge or prior approval of the amount, Defendants proceeded to obtain a policy of insurance for BI and BPP. Ex. 4 at ¶ 7.

## IV. THE POLICY

50. On September 15, 2015, Colony Insurance Company issued an amendment to MATL's policy that included $50,000 Limit of Insurance for BPP with 90% Coinsurance and $20,000 Limit of Insurance for ***BI with Extra Expense ("EE") including Rental Value*** with 90% Coinsurance. Policy attached hereto as Ex. 13 at WESTERN TRUCK000160, 64.

51. The Policy incorrectly stated that MATL's address was 2450 W. Union Hills Dr, Phoenix, Maricopa, AZ 85027. *Id.* at WESTERN TRUCK000164.

52. The Policy defined BI as the "a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and b. Continuing normal operating expenses incurred, including payroll." *Id.* at WESTERN TRUCK000180.

53. The Policy contained a Coinsurance clause, which provided in part:

> 1. The Coinsurance percentage shown for Business Income in the Declarations; times
> 2. The sum of:
> a. The Net Income (Net Profit or Loss before income taxes), and
> b. Operating expenses, including payroll expenses, that would have been earned or incurred (had no loss occurred) by your

7

"operations" at the described premises for the 12 months following the inception, or last previous anniversary date, of this policy (whichever is later).

\*\*\*

In determining operating expenses for the purpose of applying the Coinsurance condition, the following expenses, if applicable, shall be deducted from the total of all operating expenses: (1) Prepaid freight – outgoing; (2) Returns and allowances; (3) Discounts; (4) Bad debts; (5) Collection expenses; (6) Cost of raw stock and factory supplies consumed (including transportation charges); (7) Cost of merchandise sold (including transportation charges); (8) Cost of other supplies consumed (including transportation charges); (9) Cost of services purchased from outsiders (not employees) to resell, that do not continue under contract; (10) Power, heat and refrigeration expenses that do not continue under contract (if Form CP 15 11 is attached); (11) All ordinary payroll expenses or the amount of payroll expense excluded (if Form CP 15 10 is attached); and (12) Special deductions for mining properties (royalties unless specifically included in coverage; actual depletion commonly known as unit or cost depletion – not percentage depletion; welfare and retirement fund charges based on tonnage; hired trucks).

*Id.* at WESTERN TRUCK000185-86.

54. The Policy also had a "Business Income Agreed Value" clause, which, in part, provides:

> a. To activate this Optional Coverage: (1) ***A Business Income Report/Work Sheet must be submitted to us and must show financial data for your "operations":*** (a) During the 12 months prior to the date of the Work Sheet; and (b) Estimated for the 12 months immediately following the inception of this Optional Coverage.

*Id.* at WESTERN TRUCK000187 (emphasis added).

55. Mr. Dion did not inform MATL that the Coinsurance Clause of the Policy required MATL's Operating Expenses. Ex. 2 at 139:23-40:1; PSOF ¶ 53.

56. Mr. Dion received a copy of the Landlord's business income worksheet. Ex. 2 at 72:4-11; 73:11-20.

57. Mr. Dion did not fill out the Business Income Worksheet. Ex. 2 at 74:21-23; 82:17-19; 83:4-6.

58. The Business Income Worksheet is used to determine the total business income exposure to be insured. Defs' Ex. S at GG-000008.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

8

59. Mr. Dion did not submit any of MATL's financial data regarding MATL's business operations to CK Specialty or the Landlord. Ex. 2 at 116:07-10.

60. Mr. Dion did not request from MATL any financial data. Ex. 2 at 116:11-13; Ex. 1 at 48:11-14.

61. Mr. Dion did not read MATL's Policy. Ex. 2 at 116:16-17.

62. Mr. Owen did not learn that the Policy had the incorrect address on it until on or around June 13, 2016. Ex. 1 at 29:16-20; Ex. 4 at ¶ 10.

63. On June 24, 2016, Mr. Dion sent Mr. Owen an email with MATL's insurance policy. June 24, 2016 Email attached hereto as Ex. 16. This was the first time Mr. Owen received a copy of the Policy Ex. 1 at 29:16-20.

## V.    THE RENEWAL OF MATL'S POLICY

64. In November 2015, Mr. Owen informed Mr. Dion that he was shutting down his two other businesses—Owen Logistics and Meridian Moving Systems—and he was merging the trucking operations of Meridian Transportation and Logistics ("MTL") with MATL. Ex. 4 at ¶ 12.

65. As a result, Mr. Owen requested that Mr. Dion issue trucking insurance for MATL due to the merger. *Id.* During this process, Mr. Dion asked me how much business MATL had done at the time. Mr. Owen told him that MATL had done approximately $900,000 as of November 2015. *Id.*

66. On November 13, 2015, Defendants issued a revised quote to MATL for three trucks. Insurance Quote attached hereto as Ex. 14.

67. In April 2016, Mr. Dion testified created a "Renewal Pink Sheet" that stated MATL's estimated gross receipts were $900,000. Ex. 2 at 132:16-34:5; 149:8-20; 169:3-12.

68. Mr. Dion testified that Mr. Owen told him that MATL's gross receipts were $900,000. Ex. 2 at 134:02-17.

69. Despite knowing that MATL's estimated gross receipts in November 2015 were $900,000, Mr. Dion did not at any time inform MATL that MATL needed to change or update its BI coverage. Ex. 2 at 138:23-40.

70. Western Truck drafted a renewal of insurance letter to MATL dated June 3, 2016 ("Renewal Letter"). Defs' Ex. H; Ex. 2 at 167:11-68:02. Mr. Dion reviewed, approved, and signed the Renewal Letter *Id.*

71. The second paragraph on the Renewal Letter stated:

> ***In reviewing the policy***, along with the ***information we currently have about your operations***, we have determined that the ***best coverage*** and ***lowest price*** are as shown on the attached quotation. If you have any information that we are unaware of please let us know.

*Id.* at MATL-00116 (emphasis added).

72. The attached quotation in the Renewal Letter provided for the same coverage that Defendants procured for MATL the prior year:

- 4mm/3mm agg/occ for general liability;
- $50,000 Business Personal Property with $1,000 deductible; and
- $20,000 Business Income/Extra Expense

*Id.*

73. On June 7, 2016, Mr. Dion sent Mr. Owen an email with the Renewal Letter attached thereto. Defs Ex. I at MATL-6861-865.

74. The Renewal Letter did not specify whether the BI coverage was weekly, monthly, annually, or otherwise. Because Mr. Dion had told Mr. Owen that the BI was calculated weekly, Mr. Owen understood that the $20,000 amount stated in the Renewal Letter was a weekly amount. Ex. 1 at 36:9-20, 125:11-22; Defs' Ex. H.

75. On June 9, 2016, Ms. Peters executed the renewal policy. Defs' Ex. K at WESTERN TRUCK000031-37.

## VI.   THE INCIDENT

76. MATL subleased part of its warehouse space to Fully Loaded, LLC ("Fully Loaded"). Ex. 4 at ¶ 16.

77. On June 9, 2016, a Fully Loaded employee was operating a fork lift. The employee was transporting a crate and hit a sprinkler with the crate. Defs' Ex. P.

78. The sprinkler flooded the entire warehouse and office space of the Property. *Id.*

79. Water damaged MATL's business property as well as Mr. Owen's and Ms. Peter's personal property that they stored at the Property. *Id.*

80. 85% of MATL's business and personal property was not salvageable. Fuentes Dep. attached hereto as Ex. 15 at 35:17-36:4.

81. Due to the extensive water damage, MATL was not able to use the Property for five months because of black water. Ex. 15 at 31:2-33:22. Black water is grossly unsanitary and contaminated water. *Id.* at 31:05-08.

82. It is potentially dangerous to work in an office where there is black water. *Id.* at 40:22-41:05.

83. The black water was not removed from the Property until the middle of October 2016. *Id.* at 31:13-32:09, 32:19-08.

84. MATL's salvageable items were not returned until October 2016. *Id.* at 12:01-04 36:13-19, 43:15-21.

85. As a result of the damage from the flooding, MATL was unable to operate its business from June 9 to November 11, 2016. Ex. 4 at ¶ 17.

86. In November MATL entered into a settlement agreement with Fully Loaded for $456,000.00. Defs' Ex. Q; Ex. 1 at 115:4-12.

87. MATL signed a settlement agreement with Fully Loaded's. Defs' Ex. Q.

88. The settlement with Fully Loaded did not include any amount for BI. Ex. 1 at 115:13-25.

**RESPECTFULLY SUBMITTED** this 1st day of April 2019.

**MILLS + WOODS LAW, PLLC**

By  /s/ Sean A. Woods
  Robert T. Mills
  Sean A. Woods
  Jordan C. Wolff
  5055 North 12th Street, Suite 101
  Phoenix, AZ 85014
  *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert B. Zelms
Nishan J. Wilde
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
3636 North Central Avenue, 11th Floor
Phoenix, Arizona 85012
*Attorneys for Defendants*

/s/ Elisabeth Small