# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madison Alley Transportation & Logistics Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Western Truck Insurance Company, et al.,<br><br>    Defendants. | No. CV-17-03038-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Preclude Defendant's Standard of Care Expert Neal Bordenave (Doc. 75).  The Court has considered the Motion, Response, Reply and relevant case law and will deny the motion.

The expert in question is noticed as an expert to opine about the standard of care for an insurance agent and whether that was complied with in this case. Plaintiff asks the Court to preclude the expert claiming the opinions are not admissible under Rule 702 and *Daubert*. Plaintiff makes no argument that Mr. Bordenave is not qualified and an expert in this field but argue that the expert's opinions are not reliable.

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and

>methods; and
>**(d)** the expert has reliably applied the principles and methods to the facts of the case.

Daubert requires the Court to act as a gatekeeper to exclude unreliable expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). That gatekeeping function applies to all expert testimony, not just scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999). The Daubert requirements are flexible depending on the proposed testimony. *Id.*; *See United States v. Hankey*, 203 F. 3d 1160 (9th Cir. 2000). Specifically, "*Daubert*'s tests for the admissibility of expert scientific testimony do not require exclusion of expert testimony that involves specialized knowledge rather than scientific theory." *United States v. Bighead*, 128 F. 3d 1329, 1330 (9th Cir. 1997) (citing *United States v. Cordoba*, 104 F.3d 225 (9th Cir.1997)). In discussing the admissibility of testimony from a gang expert, the Ninth Circuit noted that "[t]he *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hankey*, 203 F.3d at 1169.

In this case, one of the issues is whether the Defendants were negligent in procuring insurance coverage requested by Plaintiff. A normal juror would not understand the duties owed by an insurance agent/company to their client and so this testimony will be helpful. The testimony of this expert is based on his experience in the insurance industry about what an insurance agent is or is not required to do. The testimony is admissible under Federal Rule of Evidence 702.

Plaintiff also argues that the expert's testimony should be precluded because he doesn't state the basis for his opinion. The Court disagrees. The expert listed in his report all of the evidence that he reviewed in forming his opinions. He then focuses in on the facts found in the evidence that support his opinions. The fact that Plaintiff disagrees with the factual findings of the expert is properly handled through cross examination and not precluding the expert's testimony.

Next, Plaintiff argues that the expert should be precluded because he is offering an opinion as to the standard of care of Mr. Dion but Defendants' disclosure says he was retained as an expert for Western Truck. This argument is non-sensical. Western Truck is a company. The company is liable only because of actions of its employee, Mr. Dion. If the expert is retained to analyze the actions of the company, he must analyze that of the employee. In addition, if there was any confusion because of the wording used by Defendants in their disclosure, that confusion was cleared up on January 4, 2019 when plaintiff received the expert's report.

Finally, Plaintiff argues that the testimony should be excluded because they were not given a list of all other cases the witness testified as an expert, as required by Federal Rule of Civil Procedure 26(a)(2)(B). However, the expert report, disclosed on January 4, 2019, and referenced exhibit B to the report, which was a list of cases that the expert had testified. Plaintiff states that the list was not attached to their copy of the report. Plaintiff did not depose the expert nor did they tell Defendants that exhibit B was missing. Plaintiff should have asked for the exhibit. Plaintiff cannot gain an exceptional sanction of preclusion by waiting until after the discovery deadline to notify Defendants of the missing piece. *See Allstate Ins. Co. v. O'Toole*, 896 P.2d 254, 258 (Ariz. 1995).

**IT IS ORDERED** denying Plaintiff's Motion to Preclude Defendant's Standard of Care Expert Neal Bordenave (Doc. 75).

Dated this 12th day of July, 2019.

Honorable Susan M. Brnovich
United States District Judge